

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, )<br><br>and )<br><br>COLONIAL PACIFIC LEASING CORPORATION, )<br><br>Plaintiffs, )<br><br>v. )<br><br>SHELTON LEASING CORPORATION,<br>11023 Washington Hwy., Suite 200<br>Glen Allen, VA 23059 )<br><br>SERVE:  W. Rand Cook, Registered Agent<br>McCaul, Martin, Evans & Cook PC<br>8122 Mechanicsville Pike<br>Post Office Box 279<br>Mechanicsville, VA 23111 )<br><br>and )<br><br>SHELTON CORPORATION<br>11023 Washington Hwy., Suite 200<br>Glen Allen, VA 23059 )<br><br>SERVE:  W. Rand Cook, Registered Agent<br>McCaul, Martin, Evans & Cook PC<br>8122 Mechanicsville Pike<br>Post Office Box 279<br>Mechanicsville, VA 23111 )<br><br>and )<br><br>CHRISTOPHER C. SHELTON,<br>10982 Elmont Woods Dr.<br>Glen Allen, VA 23059 )<br><br>Defendants. ) | Case No. 3:10CV430 |



## COMPLAINT

Plaintiffs, General Electric Capital Corporation and Colonial Pacific Leasing Corporation, by their attorneys, complain of Defendants Shelton Leasing Corporation, Shelton Corporation, and Christopher Shelton as follows:

### The Parties

1.     Plaintiff General Electric Capital Corporation ("GE Capital") is a corporation organized under the laws of Delaware with its principal place of business located in Danbury, Connecticut.

2.     Plaintiff Colonial Pacific Leasing Corporation ("Colonial Pacific") is a wholly owned subsidiary corporation of GE Capital and is organized under the laws of Delaware with its principal place of business located in Danbury, Connecticut.

3.     Defendant Shelton Leasing Corporation ("Shelton Leasing") is a corporation organized under the laws of Virginia with its principal place of business located at 11203 Washington Highway, Suite 200, Glen Allen, Virginia.

4.     Defendant Shelton Corporation ("Shelton Corporation") is a corporation organized under the laws of Virginia with its principal place of business located at 11203 Washington Highway, Suite 200, Glen Allen, Virginia.

5.     Defendant Christopher C. Shelton, a/k/a Chris Shelton, is a citizen of the Commonwealth of Virginia residing at 10982 Elmont Woods Drive, Glen Allen, Virginia.

6.     At all times relevant to this matter, GE Capital and Colonial Pacific were in the business of, inter alia, providing financing and other lending to companies.

7.     At all times relevant to this matter, Shelton Leasing was and is in the business of, inter alia, leasing construction equipment.

- 2 -

8.      Defendants, Shelton Corporation and Christopher Shelton (collectively, the "Guarantors"), are guarantors of the debt owed by Shelton Leasing.  Christopher Shelton was the President of Shelton Leasing.  Shelton Corporation leased construction equipment from Shelton Leasing.

### Jurisdiction and Venue

9.      The parties are of diverse citizenship.

10.     The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

11.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

12.     The claims forming the basis of this Complaint, or a significant portion thereof, arose in that geographical area which is contained within the federal judicial district known as the Eastern District of Virginia.  Specifically, the parties in substantial part entered into the agreements that form the basis of this Complaint in said District, and all or some of the collateral sought to be seized by GE Capital and Colonial Pacific are believed to be currently based in said District.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### Promissory Note and Guaranties

14.     On or about September 28, 2007, Shelton Leasing and GE Capital, its successors and assigns, entered into a Promissory Note (the "Promissory Note"), whereby GE Capital loaned Shelton Leasing the principal sum of One Million Fifty Four Thousand Nine Hundred Seventy Four and 16/100 ($1,054,974.16).  A true and correct copy of the Promissory Note is attached as **Exhibit A**.

15.    On or about September 28, 2007, Shelton Leasing and GE Capital entered into a Master Security Agreement (the "Master Agreement"), whereby Shelton Leasing granted to GE Capital, its successors and assigns, a security interest in collateral property described more fully in Collateral Schedules entered into between Shelton Leasing and GE Capital thereunder.  A true and correct copy of the Master Agreement, including its Collateral Schedules and modifications and amendments made thereto, is attached as **Exhibit B**.

16.    On October 1, 2007, Shelton Leasing entered into an Equipment Lease Agreement ("Lease Agreement") with Shelton Corporation for certain equipment.  A true and correct copy of the Lease Agreement is attached as **Exhibit C**.

17.    Solely for the purpose of preserving its interest in the Lease Agreement and the equipment, GE Capital filed UCC financing statements with the Virginia Secretary of State, describing GE Capital's interest in the Lease Agreement dated October 1, 2007.  True and correct copies of GE Capital's UCC financing statements are attached as **Exhibit D**.

18.    On or about September 28, 2007, the Guarantors, as guarantors, executed and delivered to GE Capital an Individual Guaranty and Corporate Guaranty (the "Guaranties") in which they guarantied in favor of GE Capital the full and timely performance of Shelton Leasing in all of its current and future obligations, as they may be amended from time to time, to GE Capital.  True and correct copies of the Guaranties are attached as **Exhibits E and F**.

19.    Pursuant to the Promissory Note and Guaranties, Shelton Leasing, Shelton Corporation, and Christopher Shelton agreed to make certain periodic payments to GE Capital.

## Default of Promissory Note and Master Agreement

20.    Shelton Leasing is in default under the Promissory Note and Master Agreement for its failure to pay the amounts due thereunder.

- 4 -

21.     More specifically, Shelton Leasing failed to make the August 1, 2009 payment under the Promissory Note and Master Agreement and each of the regular monthly payments due thereafter.

22.     By letter dated November 9, 2010, GE Capital notified Shelton Leasing, and the Guarantors, of Shelton Leasing's default and demanded that Shelton Leasing or the Guarantors pay to GE Capital $120,078.64 by November 16, 2009 to cure the default.

23.     Shelton Leasing and the Guarantors failed to cure the default, and by letters dated February 24, 2010 (the "Demand Letters"), GE Capital demanded that Shelton Leasing and the Guarantors pay the total amount due under the Promissory Note and the Master Agreement, then $814,910.35 by March 5, 2010.  True and correct copies of the Demand Letters are attached as **Exhibits G, H and I.**

24.     Shelton Leasing and the Guarantors failed to pay the entire amount due under the Promissory Note and the Master Agreement.

25.     As a result of the remaining accumulated charges, the entire amount due under the Promissory Note and Master Agreement is no less than $814,910.35 as of the date of this filing.

26.     Despite demand, Shelton Leasing and the Guarantors have failed and refused to pay the amount due and owing under the Promissory Note and Master Agreement.

<u>Equipment Contracts and Security Agreements</u>

27.     In addition to the Promissory Note and Master Agreement discussed above, during 2006 through 2008, Shelton Leasing entered into additional contracts and security agreements.

28.     Specifically, Shelton Leasing entered contracts and security agreements to purchase six separate pieces of construction equipment worth over $1 million (collectively the "Equipment Contracts") identified by the following account numbers:

- April 3, 2006, Account No. 9639392001 (attached as **Exhibit J**)
- May 26, 2006, Account No. 9639393001 (attached as **Exhibit K**)
- November 3, 2006, Account No. 4408871002 (attached as **Exhibit L**)
- February 26, 2008, Account No. 9639394001 (attached as **Exhibit M**)
- May 16, 2008, Account No. 9639395001 (attached as **Exhibit N**)
- May 16, 2008, Account No. 9639396001 (attached as **Exhibit O**)
- May 16, 2008, Account No. 9639397001 (attached as **Exhibit P**)

29.     Shelton Leasing financed these purchases with CitiCapital Commercial Corporation or financed these purchases with another entity that assigned its rights to CitiCapital Commercial Corporation.  Shelton Leasing also provided a security interest in the equipment under each of the Equipment Contracts.  True and accurate copies of the agreements for each of the Equipment Contracts are attached as Exhibits J, K, L, M, N, O, and P.

30.     Shelton Leasing financed the purchases identified as the Equipment Contracts and agreed to make payments for each.

31.     Shelton Leasing leased the equipment purchased under the Equipment Contracts to Shelton Corporation.

32.     Pursuant to each of the Equipment Contracts, Shelton Leasing agreed to make certain periodic payments to CitiCapital Commercial Corporation and/or another entity that assigned its rights to CitiCapital Commercial Corporation.

33.     GE Capital is the successor in interest to CitiCapital Commercial Corporation. True and accurate copies of the relevant corporate documents are attached as **Exhibits Q and R**.

34.     On June 22, 2007, GE Capital (d/b/a TFS Capital Funding in the Note and Security Agreement attached as Exhibit L), assigned all of its rights, title, and interests in that

certain Equipment Contract identified as Account No. 4408871002, to CitiCapital Commercial Corporation. A true and accurate copy of this assignment is attached as **Exhibit S.**

35.    On August 1, 2008, CitiCapital Commercial Corporation assigned all of its rights, title, and interests in that certain Equipment Contract identified as Account No. 4408871002 and attached as Exhibit M, to Colonial Pacific. A true and accurate copy of this assignment is attached as **Exhibit T.**

36.    On October 30, 2009, GE Capital assigned all of its rights, title, and interests in the Equipment Contracts attached as Exhibits J, K, M, N, O, and P to Colonial Pacific. A true and accurate copy of this assignment is attached as **Exhibit U.**

<u>Default of Equipment Contracts and Security Agreements</u>

37.    Shelton Leasing is in default under each of the Equipment Contracts for its failure to pay the amounts due thereunder.

38.    By letter dated February 24, 2010, Colonial Pacific notified Shelton Leasing of its default and demanded that Shelton Leasing pay Colonial Pacific the total amount due under certain of the Equipment Contracts, which contracts are attached as Exhibits J, K, M, N, O, and P, of $674,772.05 by March 5, 2010. A true and correct copy of the February 24, 2010 default letter is attached as **Exhibit V.**

39.    By letter dated March 31, 2010, Colonial Pacific notified Shelton Leasing of its default and demanded that Shelton Leasing pay Colonial Pacific the total amount due under a certain Equipment Contract, which contract is attached as Exhibit L, of $15,180.76 by April 15, 2010. A true and correct copy of the March 31, 2010 default letter for Account Number 4408871002 is attached as **Exhibit W.**

40.     Shelton Leasing failed to pay the entire amount due under the Equipment Contracts.

41.     As a result of the remaining accumulated charges, the entire amount due under the Equipment Contracts is no less than $689,952.81 as of the date of this filing.

42.     Despite demand, Shelton Leasing has failed and refused to pay the amount due and owing under the Equipment Contracts.

43.     Under the Equipment Contracts, if Shelton Leasing is in default, Colonial Pacific may, among other things, terminate any leases and is entitled to the return of the equipment in the event of a default thereunder.

44.     Under the Equipment Contracts, Shelton Leasing is obligated to pay the attorneys' fees and costs incurred by Colonial Pacific in the enforcement of its rights thereunder, including this lawsuit.

45.     Colonial Pacific has performed any and all conditions and obligations required of it under the Equipment Contract.

## COUNT I
### (Breach of Contract)

46.     GE Capital and Colonial Pacific incorporate and reallege paragraphs 1 through 45 as paragraphs 1 through 45 of this Count I.

47.     GE Capital has performed all terms and conditions of the Promissory Note and Master Agreement to be performed by GE Capital.

48.     Colonial Pacific has performed all terms and conditions of the Equipment Contracts to be performed by Colonial Pacific.

49.     Shelton Leasing has not performed under the Promissory Note, Master Agreement, and Equipment Contracts (collectively, the "Agreements") on Shelton Leasing's part

by, among other reasons, failing to make payments under the Agreements when those payments became due.

50.     Under the Agreements, GE Capital and Colonial Pacific are entitled to contractual money damages from Shelton Leasing as provided therein, both for the arrearages in payments due thereunder and for the damage inflicted upon the equipment, as well as any and all additional damages specified as a remedy after default.

51.     Under the Agreements, Shelton Leasing has unconditionally waived its right to a jury trial of any claim or cause of action relating thereto.

52.     The Agreements provide that GE Capital and Colonial Pacific shall recover their attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

WHEREFORE, GE Capital and Colonial Pacific pray that this Court enter a judgment in their favor and against Shelton Leasing in the amount due under the Agreements, the exact amount to be proven at or before trial, plus their attorneys' fees, costs, and interest, together with such other and further relief as shall be just and equitable.

## COUNT II
### (Breach of Guaranty)

53.     GE Capital incorporates and realleges paragraphs 1 through 45 as paragraphs 1 through 45 of this Count II.

54.     Under the Guaranties, the Guarantors are liable for all amounts due to GE Capital under the Promissory Note and Master Agreement.

55.     The Guarantors are in breach of the Guaranties by, among other reasons, failing to make payments under the Promissory Note and Master Agreement when those payments became due.

- 9 -

56.    Under the Guaranties, the Guarantors have unconditionally waived their right to a jury trial of any claim or cause of action relating thereto.

57.    The Guaranties provide that GE Capital shall recover its attorneys' fees, costs of collection, and interest on all amounts due and owing.

WHEREFORE, GE Capital prays that the Court enter a judgment in its favor and against Shelton Corporation and Christopher Shelton, jointly and severally, in the amount due under the Guaranties, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, and interest, together with such other and for the relief as shall be just and equitable.

Dated: June 25, 2010

Respectfully submitted,
GENERAL ELECTRIC CAPITAL
CORPORATION,

and

COLONIAL PACIFIC LEASING
CORPORATION,

By: _____
Richard D. Holzheimer, Jr. (VSB# 40803)
Reed Smith LLP
3110 Fairview Park Drive, Suite 1400
Falls Church, VA 22042
Tel: (703) 641-4200
Fax: (703) 641-4340

Alison Wickizer Toepp (VSB# 75564)
Reed Smith LLP
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1700
Richmond, VA 23219-4068
Tel: (804) 344-3400
Fax: (804) 344-3410